# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-300-SRN-KMM-1 |
| Plaintiff, | |
| v. | **ORDER** |
| Tevin Jay Maurstad, | |
| Defendant. | |

This matter is before the Court on motions for discovery and disclosure filed by the Defendant Tevin Jay Maurstad. The Court held a hearing on the Motions on May 7, 2019. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.[1]

1. **Mr. Maurstad's Motion for Disclosure of Favorable Evidence (ECF No. 37)**

Mr. Maurstad's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to Mr. Maurstad as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to Mr. Maurstad.

---

[1] The Court will separately issue a report and recommendation on Mr. Maurstad's Motion to Suppress Evidence. (ECF No. 43.)

2. **Mr. Maurstad's Motion for Disclosure of Jenks Act Material (ECF No. 38)**

Mr. Maurstad's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). However, the government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three working days before trial.

3. **Mr. Maurstad's Motion to Retain Rough Notes (ECF No. 39)**

Mr. Maurstad's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this paragraph.

4. **Mr. Maurstad's Motion for Disclosure of Post-Conspiracy Statements (ECF No. 40)**

Mr. Maurstad's motion for disclosure of post-conspiracy statements is **GRANTED WITH MODIFICATIONS.** The government has indicated that it will not seek to introduce any such statements at trial in this matter. If the government changes its path and decides to seek to introduce such statements, they must be disclosed at least **two weeks** ahead of the trial date. If they persist in the

plan not to utilize such statements, they need not be disclosed unless their disclosure is otherwise required.

5. **Mr. Maurstad's Motion for Disclosure of 404(b) Evidence (ECF No. 41)**

Mr. Maurstad's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

6. **Mr. Maurstad's Motion for Discovery (ECF No. 42)**

Mr. Maurstad's motion for discovery and inspection is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

7. **Expert Disclosure**

Although neither party has sought disclosure related to expert witnesses, such disclosures are nevertheless provided for in Fed. R. Cr. P. 16, and requiring them ahead of trial will prevent unnecessary mid-trial delay. Therefore, if the government intends to introduce any expert testimony at the trial in this matter, it must make the disclosures discussed at Rule16(a)(1)(G) by no later than **three weeks** ahead of the trial date in this case. The defendants must make any reciprocal disclosures required by Rule 16(b)(1)(C) by no later than **two weeks** ahead of the trial date.

Date: May 10, 2019    *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge