# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-300(1) (SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| TEVIN JAY MAURSTAD, | |
| Defendant. | |

---

Tevin Jay Maurstad, Reg. No. 21786-041, U.S. P. Lee, P.O. Box 305, Jonesville, VA 24263-0305, Pro Se

Andrew Winter, Bradley Endicott, and Craig Baune, United States Attorney's Office, 300 S. 4 St., Ste. 600, Minneapolis, MN 55415, for the Government

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Tevin Jay Maurstad's Pro Se Motion for Extension of Time [Doc. No. 187]. Maurstad requests a 90-day extension in which to file his motion and supporting memorandum for collateral relief under 28 U.S.C. § 2255. He states that his deadline for filing a § 2255 motion was June 3, 2023, but due to lockdowns in his prison, he has had difficulty obtaining and reviewing records and conducting research. (Def.'s Mot. at 1.)

Section 2255 establishes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of four potential events. *Id*. (1)-(4). Maurstad invokes § 2255(f)(1), which commences the one-year period from the date on which the judgment of conviction becomes final. When a judgment of

conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522 (2003). The Eighth Circuit entered judgment on Maurstad's direct appeal on June 3, 2022 [Doc. No. 185]. Maurstad then had 90 days in which to petition for certiorari from the United States Supreme Court, but did not do so. *See* S. Ct. R. 13.1 (stating that a petition for a writ of certiorari to review a judgment entered by a United States court of appeals must be filed within 90 days after entry of the judgment, and specifying that "the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). His conviction therefore became final on September 1, 2022. Pursuant to § 2255(f)(1), Maurstad has one year, i.e., until September 1, 2023, to file his § 2255 petition.

Maurstad seeks a 90-day extension that is within days of the actual deadline of September 1, 2023 under § 2255(f)(1).[1] The actual deadline of September 1, 2023 affords Maurstad slightly more time than if the Court were to grant his request. Accordingly, Maurstad's Pro Se Motion for an Extension [Doc. No. 187] is **DENIED AS MOOT**.

Dated: June 14, 2023

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[1] Maurstad mailed his request for an extension on May 30, 2023. [Doc. No. 187-2]. Pursuant to the mailbox rule, *see Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999), the 90-day extension he seeks, if granted, would result in an August 28, 2023 deadline.