UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Tevin Jay Maurstad,<br><br>Defendant. | Case No. 18-CR-300(1) (SRN)<br><br>**ORDER** |

Tevin Jay Maurstad, Reg. No. 21786-041, U.S.P. Lee, P.O. Box 305, Jonesville, VA 24263-0305, Pro Se.

Andrew Winter, Bradley Endicott, and Craig Baune, United States Attorney's Office, 300 S. 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Tevin Jay Maurstad's Pro Se Motion for Extension of Time [Doc. No. 190]. Mr. Maurstad requests a 90-day extension in which to file his motion and supporting memorandum for collateral relief under 28 U.S.C. § 2255. (Def.'s Mot. at 1.) He asserts that two lockdowns in his prison have prevented him from obtaining and reviewing records and conducting research. (*Id.*) Mr. Maurstad previously requested such an extension, [Doc. No. 187], which this Court denied as moot after determining that the actual deadline of September 1, 2023 afforded Mr. Maurstad slightly more time than his requested extension. [Doc. No. 189].

Section 2255 establishes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f). That one-year period begins tolling from the latest of:

1

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted in the Court's previous Order, Mr. Maurstad's conviction became final on September 1, 2022, giving him until September 1, 2023 to file his § 2255 motion.

While the Court is sympathetic to the disruption caused by lockdowns over which Mr. Maurstad had no control, (Def.'s Affidavit [Doc. No. 191] at 1–2), the Court lacks legal authority to grant an extension to the one-year statute of limitations set forth by § 2255(f). Some Circuits have held that district courts may grant an extension if the extension motion is filed concurrently with the § 2255 motion itself or with a motion that could be construed as such. *See Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001); *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016). However, neither the Eighth Circuit nor the Supreme Court have ruled on the district court's jurisdiction to do so. And this Court has previously declined to do so. *See United States v. Andrews*, No. 18-cr-00149(1) (SRN/DTS), 2023 WL 2333407, at *2 (D. Minn. Mar. 2, 2023) (slip copy); *United States v. Spencer*, No. 14-CR-3221 (SRN/TNL), 2017 WL 11592881, at *2 (D. Minn. Oct. 10, 2017).

Similarly, a defendant who files an untimely § 2255 motion may seek equitable tolling of the deadline under extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is an exception employed "sparingly." *Andrews*, 2023 WL 2333407, at *2 n.2 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2021)). The Court declines to construe Mr. Maurstad's Extension Motion as a request for equitable tolling when he has yet to file his § 2255 motion. *Id.* Therefore, Mr. Maurstad's Extension Motion is denied.

Accordingly, based upon the submissions and the entire record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Maurstad's Pro Se Motion for Extension of Time is **DENIED**.

Dated: August 15, 2023                              s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge