## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Tevin Jay Maurstad,<br><br>   Defendant. | Case Nos. 18-cr-300;<br>23-cv-2855<br><br><br>**ORDER** |

William C. Mattessich, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Tevin Jay Maurstad, Reg. No. 21786-041, U.S.P.–Lee, P.O. Box No. 305, Jonesville, VA 24263, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on the Motion to Vacate Sentence [Doc. No. 193] pursuant to 28 U.S.C. § 2255, filed by Petitioner/Defendant Tevin Jay Maurstad. The Government filed a Response in Opposition [Doc. No. 199] to Mr. Maurstad's motion. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully denies Mr. Maurstad's motion.

**I. BACKGROUND**

  On October 25, 2019, following a two-day bench trial, this Court found Mr. Maurstad guilty of the six counts alleged in the Superseding Indictment: (1) Conspiracy to possess with intent to distribute and to distribute methamphetamine; (2) possession with intent to distribute a controlled substance; (3) possession of a firearm in furtherance of a

1

drug trafficking crime; (4) possession of a firearm as a felon; (5) possession with intent to distribute a controlled substance, and; (6) possession of ammunition as a felon. (Findings of Fact, Conclusions of Law, and Order for Conviction ("Trial Order") [Doc. No. 129].) Much of the evidence relied on by the government, and ultimately by this Court, derived from two traffic stops and subsequent searches of Mr. Maurstad's vehicle.

A. **The August 4, 2016 Traffic Stop.**

The first traffic stop occurred on August 4, 2016. *Id*. at 2. That day, Morrison County Sheriff's Office Deputy Casey King stopped Mr. Maurstad's vehicle for a suspected traffic violation. *Id*. As he approached the vehicle, Deputy King smelled burnt marijuana emanating from the car's interior. *Id*. at 3. Mr. Maurstad advised Deputy King that he had consumed marijuana approximately 20 minutes before the traffic stop, and that there was a small amount of marijuana inside the vehicle. *Id*. Deputy King observed a small amount of marijuana where Mr. Maurstad said it would be, and generally testified that Mr. Maurstad did not appear to be hiding information. *Id*. Nevertheless, based on the smell of marijuana and his observation of it in the car, Deputy King decided to conduct a vehicle search. *Id*.

As Deputy King searched the engine area for drugs, he noticed a white t-shirt between the fuse box and the right portion of the vehicle. *Id*. Under this t-shirt, Deputy King discovered a firearm and a magazine, and DNA testing later matched a DNA sample on the magazine to Mr. Maurstad. *Id*. at 3–4. Deputy King also discovered a light brown box in the engine compartment adjacent to the gun. *Id*. at 5. The box appeared to contain methamphetamine, cocaine, and marijuana. *Id*. Next to the box were digital scales and a

2

white tank-top wrapped around a black bag labeled cookies. *Id*. The black bag contained three individual bags of a substance that lab testing later confirmed to be methamphetamine. *Id*. Deputy King also discovered and seized a large amount of cash and three cell phones during the search. *Id*. at 6.

### B. The January 29, 2018 Traffic Stop.

The second traffic stop occurred during the early morning of January 29, 2018. *Id*. at 16. Carlton County Sheriff's Office Deputy Tory Cawcutt was on road patrol duty, and had recently been alerted by another agency that a black Chrysler would be passing through and transporting drugs to somewhere in northern Minnesota. *Id*.; PSR ¶ 12. Just after 1:00 a.m., Deputy Cawcutt witnessed a black Chrysler 300 pass by him without a front or rear license plate. (Trial Order at 16-17.) Deputy Cawcutt followed the car for a short distance, and initiated a traffic stop after he observed that the vehicle was speeding. *Id*. at 17. The driver, later identified as Mr. Maurstad, continued driving for a quarter of a mile before eventually stopping. *Id*.

The deputy observed that seated next to Mr. Maurstad was a juvenile passenger who was shaking uncontrollably. *Id*. Mr. Maurstad admitted that he had been speeding, admitted that he did not have a valid license to drive in Minnesota, and then consented to a protective pat down search. *Id*. During the pat down search for weapons, Deputy Cawcutt discovered a bag containing nine pills on Mr. Maurstad's person. *Id*. at 18. Mr. Maurstad identified the pills as Percocet. *Id*. Deputy Cawcutt then arrested Mr. Maurstad, placed him in the back of a squad car, and proceeded to search the Chrysler. *Id*. During his search, Deputy Cawcutt noticed several areas of trim and plastic moldings that were either broken or loose.

Based on his knowledge and experience, Deputy Cawcutt suspected that the vehicle was being used to conceal and transport narcotics. *Id*. Deputy Cawcutt then noticed a bulge in the molding on the driver's side door, and that tabs used to hold the molding to the door frame were missing. *Id*. Deputy Cawcutt peeled back the molding, and discovered a large package concealed within the door. *Id*. The package contained a chemical substance which lab testing later confirmed to be methamphetamine. *Id*. at 18–19.

After sentencing, Mr. Maurstad appealed the verdict and sentence to the Eighth Circuit Court of Appeals. (USCA Opinion [Doc. No. 184] at 2.) Mr. Maurstad argued that this Court erred by: (1) denying his motion to suppress evidence from the two traffic stops; (2) finding that there was sufficient evidence to convict him of all six counts, and; (3) imposing a sentencing enhancement for the obstruction of justice. *Id*. The Eighth Circuit affirmed the judgment of this Court on June 3, 2022. *Id*. at 10.

## II.     DISCUSSION

### A.     Standard of Review.

Mr. Maurstad seeks relief from this Court pursuant to 28 U.S.C. § 2255. Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

While § 2255 generally affords relief, it is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

### B. The 2016 Search.

Mr. Maurstad first asserts that he was denied his right to effective assistance of counsel by his counsel's failure to introduce certain dash camera footage related to the August 4, 2016 traffic stop. Mr. Maurstad argues that the dash camera footage would have demonstrated that the traffic stop was unlawfully expanded in violation of the Fourth Amendment when Deputy King searched the vehicle's engine, and that evidence arising from the search should accordingly have been suppressed.

To establish ineffective assistance of counsel in the context of a § 2255 motion, a petitioner must satisfy the two requirements set forward in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *McLaughlin v. Precythe*, 9 F.4th 819, 827 (8th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). "Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Id.* Failure to satisfy either *Strickland* prong is fatal to a petitioner's claim, and the Court need not consider both prongs if the petitioner's showing

5

on one is insufficient. *See Marcyniuk v. Payne*, 39 F.4th 988, 997 (8th Cir. 2022) ("Because [the petitioner] fails to show that his trial counsel's alleged deficient performance prejudiced him, we need not address whether his trial counsel's performance was, in fact, deficient.").

The Eighth Circuit has "repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception." *United States v. Williams*, 995 F.3d 734, 737 (8th Cir. 2020) (citing cases). Once a law enforcement officer develops probable cause to search a lawfully stopped vehicle, probable cause "justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017) (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)). In determining whether probable cause exists, an officer may draw on his or her own training and experiences. *Id.* (citing *Ornelas v. United States*, 517 U.S. 690, 700 (1996)). The Eighth Circuit routinely rejects defendants' claims that after initial roadside searches of a car fail to reveal drugs or secret compartments, law enforcement lacks probable cause to search the vehicle further. *United States v. Bettis*, 946 F.3d 1024, 1030 (8th Cir. 2020) (quoting *United States v. Olivera-Mendez*, 484 F.3d 505, 512 (8th Cir. 2007)).

Here, Mr. Maurstad acknowledges that Deputy King noticed the smell of burnt marijuana shortly after stopping the car, that Deputy King actually observed marijuana in the vehicle, and that Mr. Maurstad admitted to Deputy King that he had been smoking marijuana. These facts are sufficient to establish probable cause for Deputy King to search the entire vehicle for drugs, including the engine compartment. *See, e.g.*, *United States v.*

*Brown*, 634 F.3d 435, 438 (8th Cir. 2011) (the smell of burnt marijuana, combined with a passenger's admission to having smoked marijuana, provided probable cause to search the entire vehicle for illegal drugs).

Mr. Maurstad argues that the dash camera footage would have demonstrated that Deputy King did not find additional drugs or drug paraphernalia within the interior of the vehicle. Even assuming that to be true, Deputy King had probable cause to search the entire vehicle, so the video would not render his search of the car engine unlawful. Because the dash camera footage is not reasonably likely to have resulted in the suppression of any evidence, the Court need not consider whether Mr. Maurstad's counsel acted deficiently in failing to introduce the video. *Maryniuk*, 39 F.4th at 997.

### C.   The 2018 Search.

Mr. Maurstad next asserts that he was denied his right to effective assistance of counsel by his counsel's failure to introduce certain dash camera footage related to the January 29, 2018 traffic stop. Mr. Maurstad argues that the dash camera footage would have demonstrated that the traffic stop was unlawfully expanded in violation of the Fourth Amendment when Deputy Cawcutt pried open his car's driver's side door panel, and that evidence arising from the search should accordingly have been suppressed.

"Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *Murillo-Salgado*, 854 F.3d at 418 (citing cases). As noted *supra*, probable cause to search a vehicle for drugs extends to all parts of a vehicle. *Id*. "It is well established, and well known, that drug traffickers have developed sophisticated

means to secrete contraband in vehicles." *United States v. Hernandez-Mendoza*, 600 F.3d 971, 976 (8th Cir. 2010). Accordingly, probable cause does not dissipate merely because the object of the search is not discovered upon an initial inspection. *See id.* (failure to discover drugs during a three-hour search and dog sniff did not eliminate probable cause for a second search by another officer). Because drug couriers may conceal contraband in a manner that requires dismantling part of a vehicle to recover the drugs, probable cause to believe that a vehicle contains a secret compartment permits officers to search for such a compartment and dismantle the vehicle if necessary. *Olivera-Mendez*, 484 F.3d at 512–13.

Here, Deputy Cawcutt testified that he had been informed the night of the traffic stop that a vehicle of a similar make and model to Mr. Maurstad's would be transporting illegal drugs to northern Minnesota. During the traffic stop, Deputy Cawcutt discovered Percocet on Mr. Maurstad's person. Deputy Cawcutt also observed suspicious behavior from Mr. Maurstad's passenger. Based on his knowledge and experience, Deputy Cawcutt's initial observations of the car and damage to the trim alerted him to the likelihood that the car was being used to conceal narcotics. Deputy Cawcutt then testified that he observed a bulge and signs of tampering to the driver's side door. Considering the totality of the circumstances—the intelligence on a car carrying drugs matching the description of Mr. Maurstad's car, the illegal drugs found on Mr. Maurstad, Deputy Cawcutt's knowledge and experience, and the bulge in the door—Deputy Cawcutt had probable cause to dismantle the door during his search of the vehicle.

Mr. Maurstad argues that the dash camera footage would demonstrate that Deputy Cawcutt only photographed the door after having already dismantled it, undermining his

testimony that there was evidence of tampering with the door. Again assuming Mr. Maurstad's proffer of the evidence to be true, the fact that Deputy Cawcutt only photographed the door after dismantling it does not undermine his testimony that he observed a bulge in the door and broken molding and trim, causing him to believe that the door had been tampered with. Further, even without that observation, the intelligence on the car combined with the discovery of the illegal drugs was sufficient probable cause on its own for Deputy Cawcutt to search the entire vehicle (including the door) for drugs. Again, because the dash camera footage is not reasonably likely to have resulted in the suppression of any evidence, the Court need not consider whether Mr. Maurstad's counsel acted deficiently in failing to introduce the video. *Maryniuk*, 39 F.4th at 997.

### D. Impeachment of Witnesses.

Mr. Maurstad's final argument is that he was denied the effective assistance of counsel when his counsel failed to impeach a witness. Specifically, Mr. Maurstad argues that his counsel refused to introduce impeachment evidence against a witness whose affidavit was presented to the grand jury and who was noticed but ultimately not called by the government at trial.

The Eighth Circuit has already ruled on the sufficiency of the evidence underlying Mr. Maurstad's convictions, and upheld his convictions as well as an enhancement to his sentence for obstruction related to his attempted intimidation of this same witness. (USCA Opinion.) Mr. Maurstad does not demonstrate how introducing evidence to impeach the credibility of a witness who did not testify against him is reasonably likely to have changed his outcome at trial. Because failure to impeach the witness did not result in prejudice to

9

Mr. Maurstad, the Court need not consider whether Mr. Maurstad's counsel acted deficiently.

### E. Request for an Evidentiary Hearing.

Mr. Maurstad requests an evidentiary hearing on his § 2255 motion. Mr. Maurstad is entitled to an evidentiary hearing unless his claim is "inadequate on its face" or "the motion and the files and records of the case conclusively show that he is entitled to no relief." *Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) (citing 28 U.S.C. § 2255(b)). The Court finds, for the reasons stated herein, that the files and records of the case conclusively show that Mr. Maurstad's claim of ineffective assistance of counsel must fail on all three grounds. Accordingly, the Court denies his request for an evidentiary hearing.

### F. Certificate of Appealability.

A § 2255 petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A Certificate of Appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Mr. Maurstad has not made such a showing, and thus is not entitled to a Certificate of Appealability.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

A.   Mr. Maurstad's § 2255 Motion to Vacate Sentence [Doc. No. 193] is respectfully **DENIED**.

B.   Mr. Maurstad's request for an evidentiary hearing is **DENIED**.

C.   A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 5, 2023              /s/ Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States District Judge